IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,739

STATE OF KANSAS,
*Appellee*,

v.

LAWSON J. WEEKES III,
*Appellant.*

SYLLABUS BY THE COURT

An appellate court has jurisdiction to review whether the district court abused its discretion in denying a motion for a post-probation-revocation sentence modification, pursuant to K.S.A. 2017 Supp. 22-3716(c)(1)(E), even if the denial results in the imposition of an original sentence that was a presumptive sentence for the crime of conviction.

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 3, 2017. Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed October 5, 2018. Judgment of the Court of Appeals dismissing the appeal is reversed, and the case is remanded to the Court of Appeals with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

JOHNSON, J.: Lawson J. Weekes III seeks review of the Court of Appeals decision to dismiss his appeal of the district court's failure to modify his guideline sentence upon revocation of his probation. We reverse the Court of Appeals dismissal and remand to that court to reinstate the appeal.

FACTUAL AND PROCEDURAL OVERVIEW

Pursuant to a nolo contendere plea, the district court found Weekes guilty of unlawful possession of hydrocodone and sentenced him to 12 months' probation with an underlying prison term of 30 months. About halfway through the probation period, the State filed a motion to revoke Weekes' probation; an amendment to the motion alleged that Weekes had been convicted of a new crime. Prior to the hearing on that motion, Weekes filed a motion for resentencing upon revocation pursuant to *State v. McGill*, 271 Kan. 150, 22 P.3d 597 (2001).

At the revocation hearing, Weekes stipulated to violating his probation. Defense counsel told the district court that Weekes was not arguing that he should remain on probation, but rather that he was seeking a reduced term of 12 months on the underlying prison term or requesting that he be allowed to serve the original sentence concurrently with his other sentences. The district court revoked probation, denied Weekes' motion to modify his sentence, and imposed the original underlying sentence.

Weekes' timely appeal to the Court of Appeals was dismissed for lack of jurisdiction. The panel relied on *State v. Everett*, No. 111,168, 2015 WL 4366445 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2016), for the proposition that nothing in the Kansas Sentencing Guidelines Act (KSGA) grants the Court of Appeals jurisdiction to revise the district court's decision on probation revocation

2

disposition if the sentence imposed is a presumptive sentence. *State v. Weekes*, No. 115,739, 2017 WL 840280, at *1 (Kan. App. 2017) (unpublished opinion) (quoting *Everett*, 2015 WL 4366445, at *1). The panel also cited K.S.A. 2016 Supp. 21-6820(c)(1) for the notion that "[t]he appellate court shall not review '[a]ny sentence that is within the presumptive sentence for the crime.'" 2017 WL 840280, at *1. Because Weekes' original sentence was within the presumptive sentence for the crime of conviction and because the district court imposed the original sentence upon probation revocation, the panel opined that it did not have jurisdiction to consider Weekes' arguments that the district court abused its discretion in denying his motion for modification. 2017 WL 840280, at *2.

Weekes petitioned for our review, claiming that the Court of Appeals erred by dismissing his appeal for lack of jurisdiction and asking us to consider the merits and find the district court abused its discretion by not modifying his sentence. We hold that the Court of Appeals did have jurisdiction to hear Weekes' appeal, but we decline to consider the merits of his appeal. We remand to the Court of Appeals to reinstate the appeal.

APPELLATE JURISDICTION

Weekes first quibbles with the panel's statement that he did not argue that the district court abused its discretion when it revoked his probation. Weekes' brief does incidentally mention that the district court abused its discretion by revoking his probation, but he then makes no substantive argument as to why the revocation was an abuse of discretion in the face of Weekes' stipulation that he violated his probation in multiple ways, including two new criminal convictions. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) ("When a litigant fails to adequately brief an issue it is deemed abandoned."). Moreover, defense counsel explicitly told the district court that the defense was not arguing about whether Weekes was going to prison, instead he was "arguing about whether [Weekes] needs to go as long as this case says he needs to go, which is in my *McGill* motion." Accordingly, we limit our review to the question of

3

whether the panel had jurisdiction to consider whether the district court abused its discretion in refusing to modify Weekes' sentence when revoking his probation.

*Standard of Review*

"Whether an appellate court has jurisdiction is a question of law subject to de novo review." *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

*Analysis*

As noted, Weekes filed a *McGill* motion in his probation revocation proceeding, asking the district court to modify his original sentence. In *McGill*, this court held that the long-standing plain language of K.S.A. 22-3716(b) (now K.S.A. 2017 Supp. 22-3716[c][1][E]) grants a district court jurisdiction to modify a defendant's original sentence upon revoking probation by imposing a lesser sentence. 271 Kan. at 154. *McGill* noted that the portion of the probation revocation statute, K.S.A. 22-3716, upon which it relied, "predates the enactment of KSGA and has remained unchanged despite the significant amendments occurring in 2000." 271 Kan. at 154. Since *McGill*, K.S.A. 22-3716 has undergone significant changes, fundamentally affecting the probation revocation process, but the plain language underlying *McGill* remains in K.S.A. 2017 Supp. 22-3716(c)(1)(E): "to serve the sentence imposed, *or any lesser sentence*[.]" (Emphasis added.) Cf. 271 Kan. at 153-54.

Very recently, we reiterated that the district court has the authority to impose a lesser sentence upon revoking probation and that the court's discretion on the terms of the lesser sentence is not constrained by the KSGA. The modified sentence need not be a presumptive sentence under the KSGA; it does not even need to be a legal sentence that conforms to the applicable statutory provisions regarding the term of authorized punishment. *State v. Sandoval*, 308 Kan. ___, 425 P.3d 365, 367 (2018) ("[A]fter

4

revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum.").

Obviously, then, the district court had jurisdiction to entertain Weekes' motion for modification at the probation revocation hearing. But the question before us is whether the district court's decision to deny the motion—thereby leaving the original presumptive sentence in place—is appealable. As noted, the panel below relied on *Everett*, which in turn relied on K.S.A. 2017 Supp. 21-6820(c)(1), which is part of the KSGA and provides: "On appeal from a judgment or conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime[.]" While recognizing the district court's authority to impose a lesser sentence upon probation revocation, *Everett* declared that "nothing in the KSGA grants us the jurisdiction to revise the district court's decision if the sentence imposed is a presumptive sentence." 2015 WL 4366445, at *1. Other panels have taken the same tack. See *State v. Towle*, No. 114,532, 2017 WL 1382319 (Kan. App.) (unpublished opinion), *rev. granted* 307 Kan. 993 (2017); *State v. Brooks*, No. 103,835, 2010 WL 5140040, at *2 (Kan. App. 2010) (unpublished opinion); *State v. Muse*, No. 97,188, 2007 WL 2301929, at *2 (Kan. App. 2007) (unpublished opinion); but cf. *State v. Reeves*, 54 Kan. App. 2d 644, 646-47, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018) (disagreeing with *Weekes* and *Everett* and finding appellate jurisdiction to review denial of motion for sentence modification upon revocation of probation).

The *Everett* rationale suffers some logical fallacies. First, the statutory provision upon which it is based is applicable to appeals "from a judgment or conviction." K.S.A. 2017 Supp. 21-6820(c). Our caselaw would suggest that an appeal from a "judgment" in a criminal case refers to the direct appeal of the original sentence:

5

"A sentence is effective when pronounced from the bench. *State v. Mason*, 294 Kan. 675, 677, 279 P.3d 707 (2012); *State v. Jackson*, 262 Kan. 119, 140, 936 P.2d 761 (1997). A sentence is the judgment of the court that formally declares to the accused the legal consequences of his or her conviction. *State v. Van Winkle*, 256 Kan. 890, 895, 889 P.2d 749 (1995). The final judgment in a criminal case is the sentence. 256 Kan. at 895. Once sentence is pronounced and judgment entered, the district court loses jurisdiction over a criminal case except to correct arithmetic or clerical errors. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014)." *State v. Tafoya*, 304 Kan. 663, 666-67, 372 P.3d 1247 (2016).

Next, the concept of a "presumptive sentence" is inapplicable to the probation revocation process. The KSGA defines "presumptive sentence" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 2017 Supp. 21-6803(q); see also *State v. Ortega-Cadelan*, 287 Kan. 157, 163-64, 194 P.3d 1195 (2008) (interpreting "presumptive sentence" under K.S.A. 21-4703[q]).When imposing the disposition after a probation revocation, the district court need not refer to any grid block or be concerned about the reasons for departing therefrom. The court can impose *any* lesser sentence which is the antithesis of the notion of a presumptive sentence.

Finally, and perhaps most importantly, as the *Reeves* panel pointed out, "K.S.A. 2016 Supp. 22-3716(c)(1)(E) is found in the Kansas Code of Criminal Procedure; the statute is not part of the revised Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 2016 Supp. 21-6801 *et seq*." 54 Kan. App. 2d at 646. Weekes is appealing the district court's exercise of discretion under the probation revocation statute, not his original sentence under the KSGA. And we know that, at least in part, because the time in which an appellate court could entertain an appeal of the original sentence had long since expired.

Moreover, our historical treatment of appellate jurisdiction in this circumstance belies the *Everett* rationale. In *State v. Ardry*, 295 Kan. 733, 735-37, 286 P.3d 207 (2012), the district court refused to modify a sentence after revocation because of a mistaken belief that the defendant had to demonstrate the existence of mitigation to authorize the modification. We did not dismiss the appeal on jurisdictional grounds. Rather, we reviewed whether the district court had abused its discretion in denying the request for sentence modification. The same issue was before the Court of Appeals.

In sum, it was error for the panel to dismiss based on an incorrect determination that it lacked jurisdiction to consider the appeal.

Judgment of the Court of Appeals dismissing the case for lack of jurisdiction is reversed, and the case is remanded to the Court of Appeals for consideration of the merits.