NOT DESIGNATED FOR PUBLICATION

No. 118,508

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY G. GRANDY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed
December 7, 2018. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek
Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER, J., and SIDNEY R. THOMAS, District Judge, assigned.

PER CURIAM: In this criminal sentencing appeal, Timothy G. Grandy contends we
should reverse the district court's modification of his sentence. While he likes the fact that
the court reduced the length of his sentence, in his view, the court should have also
ordered his sentence to be concurrent with a prior sentence. This judgment of the district
court is not an abuse of discretion. The court explained it did not believe that Grandy's
sentence should be rewarded with a shorter sentence because he committed a new crime.
We agree and affirm.

1

The case history is not complicated. Grandy pled guilty to one count each of felony possession of methamphetamine, criminal threat, battery, and theft. The court sentenced him to 29 months in prison to be served consecutive to an 18-month jail sentence. But because Grandy's criminal history score placed him in a presumptive probation box on the sentencing grid, the court placed him on 18 months' probation, ordered drug treatment, and did not send him to prison or jail.

After that, Grandy served a 2-day jail sanction for failing to obey his curfew, and the court extended his probation by 12 months. At a second probation violation hearing, the court found that Grandy violated his probation by committing a new crime. Because he committed a new crime while on probation, the court decided to bypass any further intermediate sanctions.

As part of Grandy's plea agreement in his new case for which he was being sentenced on the same day, the parties requested that the court modify his underlying sentence here by ordering the 29-month prison and 18-month jail sentences to be concurrent. Grandy argued that he should receive a modified sentence because he had been successful in drug treatment, with no positive urinalysis tests, and had been successfully reporting to treatment and to his probation officer as required.

Even though the parties agreed, the court did not. Frankly, the court was concerned because Grandy received only a 12-month prison sentence for his new crime. And if the court modified his sentence in this case as requested by the parties, Grandy's sentence would actually be less than his original underlying prison and jail sentence even though he had committed a new crime. Evidently, the court did not want to reward Grandy for committing a new crime by reducing his sentence.

In the end, the court reduced his prison sentence here from 29 months to 20 months, which the court explained was the recommended sentence at his initial

sentencing here. But, instead of following the recommendations of the parties, the court ordered that the prison and jail sentences would remain consecutive to each other as well as consecutive to his sentence in the new criminal case.

To us, Grandy argues that the district court abused its discretion by modifying only the length of his prison sentence instead of modifying it by running his jail sentence concurrent with his prison sentence. He acknowledges that under K.S.A. 2017 Supp. 22-3716(c)(1)(E) and (c)(8), the district court may revoke his probation and order him to serve his original sentence or any lesser sentence. But he maintains that the district court discounted the successes he had while on probation when it decided to only partially modify his sentence. He contends that the district court's decision was arbitrary, fanciful, and unreasonable and that no reasonable district court would have made this decision when presented with the specific facts of Grandy's case.

A quick review of the law is helpful at this point. Once a probation violation is determined, K.S.A. 2017 Supp. 22-3716 sets out what the district court can do. See *State v. Clapp*, 308 Kan. 976, 982, 425 P. 3d 605 (2018). Grandy does not challenge the district court's decision to revoke his probation and impose his underlying sentence. Instead, he argues that the district court abused its discretion in the way that it modified his sentence after revocation.

We review this decision for an abuse of discretion. See *State v. Weekes*, 308 Kan. 1245, 1250, 427 P.3d 861 (2018). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

After reviewing this record, we see nothing done by the court that was arbitrary, fanciful, or unreasonable. The district court explained that it did not follow the parties' recommendation because it did not believe Grandy should receive a shorter combined

3

sentence after being convicted of a new crime. We cannot say that no reasonable person would have imposed the sentence the district court imposed here. And the district court's decision was not based on an error of fact or law. We, therefore, affirm the district court's decision to revoke Grandy's probation and impose a modified sentence.

Affirmed.