NOT DESIGNATED FOR PUBLICATION

Nos. 119,829
119,916

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TODD FREDRICK WANDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed October 4, 2019. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Jacob T. Gayer*, legal intern*, Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., HILL and WARNER, JJ.

PER CURIAM:  There comes a time when a sentencing court says, "enough is enough." This is such a time. In these two consolidated cases, Todd Fredrick Wands appeals the revocation of his two terms of probation and the imposition of both prison sanctions. Even though he committed new crimes while on probation, Wands argues that it was unreasonable for the court to send him to prison because he was making progress in his rehabilitation. We affirm the district court because our review of the record reveals no abuse of discretion by the court.

1

We give a brief procedural history of both cases and then follow up with our analysis of Wands' claims on appeal.

*We begin with Saline County case No. 15CR689, where Wands was on probation.*

In an agreement with the State, Wands entered a no-contest plea to attempted robbery, interference with law enforcement, criminal damage to property, and battery. The parties agreed to recommend consecutive sentences for attempted robbery, interference with law enforcement, and battery. The court followed the plea agreement and sentenced Wands to a suspended prison term of 25 months with 24 months' probation.

Wands had many standard conditions of probation. He was ordered to:
- Obey all laws;
- avoid injurious or vicious habits as directed;
- report to his court service officer as directed;
- work faithfully at suitable employment;
- make payments to the court and court services as ordered;
- complete community service hours;
- not possess, use, or traffic illegal drugs or illicit substances; and
- refrain from possessing or consuming alcohol.

In early 2016, things did not go smoothly. Wands' supervising officer alleged that Wands:

- was arrested in Saline County for criminal threat, domestic battery, and possession of drug paraphernalia;
- had failed to appear at appointments with his court services officer;

2

- submitted a UA in February 2016 which tested positive for methamphetamine—and he admitted to using methamphetamine;
- failed to complete the recommended alcohol/drug recovery sessions at Central Kansas Foundation Pathfinder Program;
- failed to find suitable employment;
- completed none of his 20 hours of community service; and
- had an outstanding balance of $665.50 with the court.

Wands had served a two-day "dip" as a sanction for his methamphetamine use. The State moved to revoke Wands' probation based on all the allegations.

Wands stipulated to the probation violations at a later court hearing and pled guilty to endangerment, domestic battery, and possession of drug paraphernalia in another case. For the probation violations, the court ordered a 120-day prison sanction and extended Wands' probation for another 24 months.

When Wands was arrested for DUI, the State moved to revoke Wands' probation.

Wands stipulated to the probation violation. Several people spoke on Wands' behalf. William Salmon, a retired pastor, said that Wands had performed the Heimlich maneuver and CPR on Salmon's wife when she had choked on a piece of meat. Salmon had baptized Wands and performed his wedding ceremony. Salmon believed that Wands was on a "new journey." Thomas Bascal, Wands' disabled neighbor and a vocational counselor, said that Wands had a strong emotional support unit and a good work history. Todd White, Wands' Alcoholics Anonymous sponsor, said that Wands had worked very hard on his recovery and had stayed sober.

Wands acknowledged that he had struggled with depression and alcoholism, but had finally realized he could not drink anymore. On the other hand, Todd's ex-wife and

3

mother of his four children stated that Wands had never taken responsibility for his actions, did not pay child support, and did not attempt to establish a relationship with his children.

Based on another plea agreement, the State recommended a 180-day prison sanction for the probation violation. According to Wands' probation officer, Wands had been doing fairly well until he started drinking again. The probation officer believed that if Wands could maintain his sobriety, he could succeed on probation.

*The sentencing court sends Wands to prison.*

The sentencing court noted Wands' extensive criminal history, which included many DUI convictions, and emphasized "the level of danger that Mr. Wands presented to the community." The court then described the circumstances of his recent DUI arrest: Wands was intoxicated to the point that he could not stand unassisted, he parked in his ex-wife's front yard, and he asked her to go for a ride. When she refused, he took off almost hitting her neighbor's fence and started doing "kittys" in the middle of the intersection. Then, heading back, he jumped the curb in her neighbor's yard and drove straight toward her. He never let off the gas. He missed her by only 2 feet.

The court said, "[T]here is a significant difference between battling an addiction and getting behind the [wheel of a] car and terrorizing someone else in this community" and it was time for the court to hold Wands accountable. The court found that Wands had committed many crimes since being placed on probation in 2015. The court ruled that it did not need to impose an intermediate sanction because of the new crime. The court revoked Wands' probation and ordered him to serve his prison sentence.

Citing *State v. McGill*, 271 Kan. 150, Syl., 22 P.3d 597 (2001), Wands requested a reduction to a six-month sentence. The court denied the modification. But the court said it

would entertain such a motion about his jail sentence after Wands had completed his prison sentence.

*We review Saline County case No. 17CR1037, which led to the revocation of Wands' probation.*

These charges caused the court to revoke Wands' probation. Again, after agreeing with the State, Wands pled guilty to DUI and aggravated assault. Using a criminal history score of B, the court sentenced him to 29 months in prison and 12 months in jail. The court did not suspend the sentence and ordered him to serve this term consecutive to his sentence in 15CR689.

*Our analysis shows that the court did not err.*

Wands appeals the revocation of his probation in case No. 15CR689 and his sentence in case No. 17CR1037. These cases were consolidated for this appeal. We begin with the probation revocation case—15CR689.

On appeal, Wands contends that no reasonable person would have revoked his probation because he "had shown real progress while on probation, and would likely be successful on continued probation." Wands also argues that he was rehabilitating himself—he had shown spiritual growth, had a good emotional support system, was a good worker, and would improve his sobriety if he was given a chance.

We begin with some fundamental legal principles. Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action is:

- arbitrary, fanciful, or unreasonable;

5

- based on an error of law; or
- based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Wands bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Wands offers us no legal or factual basis to hold the district court erred. Rather, he argues the district court's decision was unreasonable. We cannot agree. Wands received many opportunities to show that he had rehabilitated himself by complying with the terms of his probation. But he has failed at every turn. He was given a two-day jail sanction after he admitted to using methamphetamine. But then he later committed the crimes of endangerment, domestic battery, and possession of drug paraphernalia. He served a 120-day sanction for those probation violations. Then, he drove under the influence of alcohol and committed aggravated assault. The district court went into considerable detail on the circumstances surrounding these crimes, finding that Wands posed a danger to the community. We hold the court's findings on that point are reasonable. Wands was not only drunk, he was dangerous. We cannot say that no reasonable person would agree with the district court's decision to revoke Wands' probation.

Wands also contends the district court abused its discretion by refusing to modify his sentence in 15CR689 to six months because he had made "considerable progress in his sobriety" and faced a "considerable amount of incarceration" which would take him away from his support system.

It is true that under K.S.A. 2018 Supp. 22-3716(c)(1)(E), upon revocation of probation, a district court can order a probationer to serve his or her original underlying sentence or "any lesser sentence." See *McGill*, 271 Kan. at 154. In turn, we review the

6

court's denial of a post-probation-revocation sentence modification for an abuse of discretion. *State v. Weekes*, 308 Kan. 1245, Syl., 427 P.3d 861 (2018).

Wands has not made as much progress as he claims. His "considerable progress" in maintaining sobriety is belied by the dangerous driving incident for which he was arrested. His support system and time on probation did not stop him from committing new dangerous crimes. He has shown a continuing pattern of committing new crimes throughout his probation term. We also note that he has received leniency when his original sentence resulted from a favorable plea bargain. We find no abuse of discretion here.

Likewise, we see no abuse of discretion in case No. 17CR1037, when the court did not place Wands on probation. These serious crimes were committed while Wands was on supervised probation. Endangering people with drunk driving should result in revoked probation.

Wands also argues that the district court violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the district court used his prior convictions to increase his sentence without requiring them to be proved to a jury beyond a reasonable doubt. He acknowledges that the Kansas Supreme Court rejected a similar argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), but raises the issue to preserve for federal review. Our Supreme Court recently reaffirmed *Ivory* in *State v. Razzaq*, 309 Kan. 544, 552, 439 P.3d 903 (2019). This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Since there is no indication our Supreme Court is departing from *Ivory*, we are compelled to conclude that the district court did not violate *Apprendi* in sentencing Wands.

Affirmed.