NOT DESIGNATED FOR PUBLICATION

No. 120,730

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN RELFORD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed February 7, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and GARDNER, JJ.

PER CURIAM: Steven Relford admitted to the court that he violated the conditions of his probation. The court ordered him to serve his prison sentence. He contends the district court's decision sending him to prison instead of imposing a lesser sanction or a modified sentence was unreasonable. We are unconvinced and affirm.

Relford was charged with one count of criminal use of a weapon, possessing a shotgun with a barrel length of approximately 11 inches, and one count of possession of

1

drug paraphernalia. In exchange for the State dismissing the drug paraphernalia charge, he agreed to plead guilty to criminal use of a weapon. As part of the plea agreement, both parties agreed to recommend the low number in the grid box and the presumption of probation. Relford agreed that the State could ask for a drug and alcohol evaluation as a condition of probation.

The court followed the plea agreement and sentenced Relford to a suspended 6-month prison sentence, 12 months' probation, and 12 months of postrelease supervision. As part of his probation, he was ordered to obtain a drug and alcohol evaluation and follow all recommendations. He was ordered to refrain from using, possessing, or consuming any alcohol or illegal drugs including prescription drugs for which he did not have a prescription. And he was ordered to submit to breath, blood, and urinalysis testing.

Less than two weeks later, the court issued a warrant for Relford based on allegations that he admitted to consuming alcohol, methamphetamine, marijuana, and Xanax. He also submitted a breath analysis with a reading of .024.

At his probation violation hearing, Relford stipulated to the probation violations and the court found him to be in violation of his probation. Relford's probation officer recommended imposition of Relford's prison sentence because he had refused all resources offered to him including locating alternative housing, mental health treatment, and drug and alcohol treatment. The probation officer argued that he was a public safety risk. The State recommended that the court make public safety findings considering Relford's "very serious substance abuse problem" that he refused to address. Relford's attorney stated that Relford wanted to get drug, alcohol, and mental health treatment for his posttraumatic stress disorder, arguing that his admission to drug and alcohol use was a "cry for help."  The defense attorney also stated that Relford had a stable place to live with his grandmother. The district court continued the disposition hearing for Relford to

obtain an evaluation from the Substance Abuse Center of Kansas and to verify his living arrangement.

The evaluation stated that Relford did not see his alcohol use as a problem and had continued to drink despite multiple treatment attempts. The report recommended inpatient treatment. The public defender's office verified the suitability of Relford's proposed living arrangements. But the probation officer still recommended imposition of Relford's prison sentence based on public safety findings because Relford "drives his bike around town intoxicated." He twice reported to the office intoxicated.

The district court found Relford had undergone prior mental health and substance abuse treatment but did not see his alcohol use as a problem. According to the evaluation, regarding his behavior under the influence Relford stated, "depends on if I get pissed off." The court found that because of Relford's continued drug and alcohol use and his statements about it, treatment had not worked and probably would not work. The court found Relford's continued drug and alcohol use and driving under the influence were public safety concerns. The court bypassed the intermediate sanctions based on its public safety finding and imposed the underlying 6-month prison sentence and 12-month postrelease supervision period.

As a preliminary matter, the State contends this appeal is moot because Relford completed the prison portion of his sentence on April 12, 2019. An issue on appeal may be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not impact any of the parties' rights. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). Appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

This appeal is not moot because Relford is serving his postrelease supervision period. On April 12, 2019, Relford was released to his 12-month postrelease supervision period. On appeal, he challenges the district court's decision not to modify his prison sentence or his postrelease supervision sentence. After revocation of Relford's probation, the district court had authority to impose "any lesser sentence" including a sentence with no postrelease supervision term. See K.S.A. 2018 Supp. 22-3716(c)(1)(E); *State v. McKnight*, 292 Kan. 776, 782-83, 257 P.3d 339 (2011).

Relford contends the district court's decision not to impose a jail sanction or a modified sentence rather than his full underlying sentence was unreasonable because:

- it was his first probation revocation;
- it was his first felony offense;
- his violations were technical in nature;
- he drove a bicycle rather than a motor vehicle; and
- he had secured placement in an inpatient drug treatment program.

We have long held that once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if the action is:

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Relford bears the burden to show an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

4

This discretion is not unlimited. K.S.A. 2018 Supp. 22-3716(c) restricts how a court can sanction a probation violator. The statute provides that a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(8), (c)(9). Here, the district court invoked the public safety exception.

Upon revocation of probation, the district court can order a probationer to serve his or her original underlying sentence or "any lesser sentence." *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001). The district court's denial of a post-probation-revocation sentence modification is reviewed for abuse of discretion. *State v. Weekes*, 308 Kan. 1245, Syl., 427 P.3d 861 (2018).

Relford gives us no legal or factual basis to hold that the district court erred. He does not challenge the legal adequacy of the district court's public safety finding. See *State v. Duran*, 56 Kan. App. 2d 1268, Syl. ¶ 3, 445 P.3d 761 (2019), *petition for rev. filed* July 19, 2019. Nor does he challenge the factual accuracy of the contention that he drove to his probation officer's office intoxicated (his breath alcohol level was .024). Rather, he argues the district court's decision to impose his underlying sentence without modification was unreasonable.

To support this contention, Relford must show that no reasonable person would have taken the district court's position. See *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). He fails to meet this burden. Based on the court's finding that Relford was a public safety risk because he drove his

bike while intoxicated and he did not consider his drug and alcohol use a problem despite prior treatment attempts, we cannot hold that no reasonable person would have imposed Relford's underlying sentence without modification.

Affirmed.