NOT DESIGNATED FOR PUBLICATION

No. 122,017

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN P. PHILLIPS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed October 30, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN and STANDRIDGE, JJ.

PER CURIAM: Dustin P. Phillips appeals the district court's revocation of his probation and imposition of his underlying prison sentence. He claims the district court abused its discretion by not imposing a nonprison sanction and by not imposing a shorter sentence. Based on our review of the record, we see no abuse of discretion by the district court and therefore affirm its judgment.

In November 2017, as part of a plea agreement with the State, Phillips entered a guilty plea to felony burglary and misdemeanor theft pursuant to *North Carolina v.*

1

*Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The district court sentenced Phillips to 23 months in prison for the burglary conviction and 12 months in jail for the misdemeanor theft conviction but granted him a dispositional departure to probation for 24 months. The district court cited Phillips' mental health struggles as justification for granting him probation.

Approximately five months later, the State alleged Phillips was in violation of his probation for failing to report on three separate occasions and for failing to attend substance abuse treatment for several months. At the probation violation hearing, Phillips stipulated to violating his probation. Counsel argued Phillips would benefit from more structure at a residential facility or Oxford House. The district court agreed and reinstated Phillips' probation, ordered him to serve a 60-day jail sanction, ordered a new drug and alcohol evaluation, and transferred Phillips to the residential program with the order that he enter Oxford House upon completion of the residential program.

The following month, the State again alleged Phillips was violating his probation by (1) being out of place from his assignment while at his residential program, (2) refusing to follow staff orders, and (3) leaving the facility without permission. At the hearing on these allegations, Phillips stipulated to violating his probation. The State advised the district court that the administrators of the residential facility did not believe Phillips was a good candidate for their program, but Phillips' counsel argued that Phillips continued to struggle with his mental health and needed resources to adequately address that issue. The district court addressed Phillips personally and stated it felt compelled to afford Phillips another opportunity at probation given his struggles with his mental health. The district court imposed an intermediate three-day jail sanction and ordered that Phillips obtain a mental health intake with COMCARE after his release.

However, just another month later, the State for a third time alleged Phillips had violated the terms of his probation by failing to report on three separate occasions, even

after receiving notice that failing to report constituted a probation violation. Before holding a hearing on the alleged probation violations, the district court ordered Phillips to undergo a competency evaluation.

At the probation violation hearing, the district court found Phillips competent, and Phillips stipulated to violating his probation. At Phillips' request, the district court agreed to give him "the benefit of the doubt because of his mental health issues" and imposed an intermediate 180-day prison sanction. The district court acknowledged Phillips' diagnosis of schizophrenia with psychotic features and stressed to Phillips that upon his release from the Kansas Department of Corrections he needed to be committed to the conditions of his probation. The district court indicated it was aware that Phillips' mental health issues made it difficult for Phillips to comply with the requirements of his probation, but it admonished Phillips to be diligent about following through with his treatment recommendations. To assist with Phillips' mental health treatment, the district court ordered Phillips to visit COMCARE within seven days of his release from prison to schedule a mental health evaluation and appointment.

Unfortunately, just a few months after his release from his prison sanction, the State, for the fourth time, alleged Phillips had violated his probation by committing two crimes—domestic violence criminal damage to property and violating a protective order—and by submitting a urinalysis sample that was positive for alcohol and marijuana, to which he admitted using. Before holding a probation violation hearing, the district court again ordered Phillips to undergo a competency evaluation.

At the probation violation hearing, Phillips was found competent, and Phillips stipulated to the violations. His counsel argued there were still resources available through COMCARE to help Phillips with his mental health treatment and asked the district court to impose a 60-day jail sanction. The district court acknowledged Phillips' continuing mental health issues but stated it would not tolerate the commission of new

3

crimes after it had afforded him so many opportunities to achieve success on probation. The district court revoked Phillips' probation and imposed a lesser sentence by reducing the sentence on his misdemeanor theft conviction from 12 months to 6 months in the county jail. According to the district court, the reduced jail sentence was designed to ensure Phillips would be released from jail while the postrelease supervision period from his felony prison sentence was still in place so he would be afforded some degree of supervision while he transitioned back into the community.

Phillips timely appeals.

## ANALYSIS

Phillips argues the district court abused its discretion by revoking his probation and by not further reducing his sentence. Phillips asserts that both he and the community would have been better served, given his mental health issues, had either a nonprison sanction or an even shorter sentence been imposed.

Once a probation violation has been established, the decision to revoke probation and to impose a lesser sentence is within the discretion of the district court. See *State v. Weekes*, 308 Kan. 1245, 1247, 427 P.3d 861 (2018); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court, (2) it is based on an error of law, or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Phillips bears the burden of showing an abuse of discretion. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's discretion to revoke a defendant's probation is limited by the intermediate sanction requirements outlined in K.S.A. 2019 Supp. 22-3716. Generally, a district court is required to impose intermediate sanctions before revoking an offender's

4

probation. See K.S.A. 2019 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). Because it is undisputed the district court had the authority to revoke Phillips' probation, we will set aside its discretionary decision only if no reasonable person could agree with it. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

Although Phillips claims revocation of his probation and imposition of a reduced sentence was unreasonable because he needed treatment for his ongoing mental health issues, the district court noted Phillips had multiple opportunities for success while on probation. In fact, the district court tailored those opportunities to Phillips' unique needs. Nevertheless, Phillips demonstrated on multiple occasions he was unable to avail himself of the opportunities provided to him. Moreover, the district court even reduced Phillips' jail sentence to ensure more supervision consistent with his mental health needs. Given the record before us, we have no trouble concluding a reasonable person could agree with what the district court did here. There was no abuse of discretion.

Affirmed.