NOT DESIGNATED FOR PUBLICATION

No. 126,645

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAYLEY F. WILKINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Submitted without oral argument. Opinion filed August 2, 2024. Reversed and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., GARDNER and PICKERING, JJ.

PER CURIAM: Hayley F. Wilkinson appeals the revocation of her probation, arguing the district court relied on an erroneous finding that she had originally been granted probation as the result of a dispositional departure. Wilkinson admitted in the district court that she violated her probation by using drugs but asserts that because this is her first violation and the dispositional departure exception under K.S.A. 2020 Supp. 22-3716(c)(7)(B) does not apply, the district court was statutorily required to impose an intermediate sanction. Agreeing, we reverse and remand with directions.

1

*Factual and Procedural Background*

In January 2021, Wilkinson struck and killed a pedestrian while driving under the influence (DUI) of alcohol and then fled the scene. The State charged Wilkinson with leaving the scene of an accident, a severity level 5 felony, and misdemeanor DUI. Following plea negotiations, Wilkinson pleaded guilty as charged. Wilkinson's criminal history score placed her within a border box sentencing range, and her presentence investigation report showed that she had no criminal history. The parties jointly recommended that the district court sentence Wilkinson to the high prison term but make border box findings and grant Wilkinson probation for treatment purposes. The parties also recommended a consecutive six-month jail term for the DUI conviction.

Before sentencing Wilkinson, the district court considered several victim impact statements. It also considered a letter written by Wilkinson's former roommate, stating that Wilkinson lacked remorse for her crime and used drugs daily, contrary to Wilkinson's representations to the district court. Based on its review of these statements and Wilkinson's crimes, the district court indicated that it struggled to determine an appropriate sentence. It cautioned Wilkinson that "any failure to comply with th[e] requirements of a probation sentence could result in a prison sentence."

Still, the district court ultimately followed the parties' recommendations—it sentenced Wilkinson to 40 months' imprisonment but granted her 36 months' probation. In granting probation, the district court made border box findings that a treatment program existed in the community and a nonprison sentence better served community safety and promoted offender reformation. The district court also ordered a consecutive six-month jail term for Wilkinson's DUI conviction.

Less than two months later, Wilkinson was back before the district court for alleged probation violations. The probation violation warrant alleged:

2

"1. Defendant failed to refrain from the possession of drugs without a prescription as ordered by the Court.

"2. Defendant's [urine analysis] UA results on 6/26/23 were positive for Methamphetamines and Amphetamines, in violation of conditions of probation.

"3. Defendant admits to using Methamphetamines and Adderall on or about 6/25/23, in violation of conditions of probation."

Wilkinson waived her right to an evidentiary hearing and admitted each of the violations, yet she requested that she be allowed to remain on probation and ordered to serve a three-day jail sanction and to obtain treatment. Wilkinson's probation officer also recommended a quick-dip jail sanction and reintegration to drug and alcohol treatment. But the State reminded the district court of its warning to Wilkinson and recommended that it revoke Wilkinson's probation.

The district court recalled its struggle in deciding Wilkinson's sentence and told Wilkinson that her "sentencing was one of the more difficult" sentencing decisions it had made. The district court recalled the information that Wilkinson's former roommate alleged about Wilkinson's drug use. The district court found that Wilkinson's former roommate's allegations were "probably more truthful than not." Finally, the district court determined that Wilkinson's violations justified revocation:

"[U]nfortunately, I don't think the opportunity you were given, which is probation, was taken seriously enough, and I think you've been enabled by people in your life. And that could be any number of people, but that enabling has assisted you to the point where you, in your behavior and actions, leave us few options.

"I told you if there was a violation, we would look at it, but there would be severe consequences. We're at that point. I believe, under the circumstances, to reinstate your probation would be to reward bad behavior, and I cannot be part of enabling you in that regard.

3

"So I feel I'm left with no choice but to revoke your probation at this time. I'm going to find this was a presumptive prison case as a border box, and I will revoke probation, impose sentence."

After revoking Wilkinson's probation, the district court refused to modify Wilkinson's sentence. Still, the district court granted Wilkinson work release from her jail term. In its journal entry of the probation violation hearing, the district court stated it was revoking Wilkinson's probation under "K.S.A. 22-3716(c)(7) because" the "[o]riginal sentence [was the] result of [a] dispositional departure."

Wilkinson timely appeals.

*Overview of Appellate Claims*

Wilkinson argues that border box findings are different from a dispositional departure, so the district court revoked her probation based on its erroneous finding that the depositional departure exception to graduated sanctions applied here. See K.S.A. 2020 Supp. 22-3716(c)(7)(B). She asks us to reverse the district court's decision and remand with directions to impose an intermediate sanction.

The State contends that "the record is not explicitly clear that the district court revoked [Wilkinson's] probation based on K.S.A. [2020] Supp. 22-3716(c)(7)(B)." It adds that the district court was not required to make particularized findings to apply a statutory bypass provision, then it asserts that the district court could have relied on the new crime bypass under K.S.A. 2020 Supp. 22-3716(c)(7)(C). The State thus asks us to find that Wilkinson committed a new crime and to affirm the district court on this basis.

*Standard of Review and Basic Legal Principles*

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation at times). An appellate court reviews the district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The movant bears the burden of showing an abuse of discretion. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

*Wilkinson establishes that the district court based its decision on legal and factual errors.*

Wilkinson admits that she violated her probation, and the parties do not dispute that this is Wilkinson's first violation. Generally, a district court may not impose defendant's prison sentence for violating probation conditions without first imposing intermediate sanctions. See K.S.A. 2020 Supp. 22-3716(c). But there are exceptions to that rule—the district court may revoke probation without having previously imposed a sanction if:

> (A) The district court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction,"
>
> (B) the offender received probation as the result of a dispositional departure,
>
> (C) the offender committed a new felony or misdemeanor, or
>
> (D) the offender absconded while on probation. K.S.A. 2020 Supp. 22-3716(c)(7).

5

The parties dispute which of these provisions the district court relied on here. Wilkinson argues that the district court invoked subsection (B); the State argues that it applied subsection (C). But our review of the revocation hearing shows that the parties argued none of the exceptions above.

The journal entry for the probation violation hearing states that the district court revoked Wilkinson's probation under "K.S.A. [2020 Supp.] 22-3716 (c)(7) because" Wilkinson's "[o]riginal sentence [was the] result of [a] dispositional departure." Yet the district court made the following statement when announcing its ruling: "I'm going to find this was a presumptive prison case as a border box, and I will revoke probation, impose sentence." The district court's oral statement thus conflicts with the journal entry.

"'A sentence is effective when pronounced from the bench.'" *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). "During sentencing, the judge's oral pronouncement is controlling, not the journal entry. Thus, any journal entry variance from a judge's oral pronouncement during sentencing is a clerical error that may be corrected at any time." *State v. Edwards*, 309 Kan. 830, 835, 440 P.3d 557 (2019). We would thus ordinarily rely on the court's oral pronouncement.

But the judge's oral pronouncement that "this was a presumptive prison case as a border box" provides no legal basis for revoking probation without imposing an intermediate sanction. No exceptions in K.S.A. 2020 Supp. 22-3716(c)(7) require a probationer who originally had a presumptive prison border box sentence to go straight to jail for probation violations. Thus the judge's oral pronouncement was legally erroneous.

So we look to the journal entry. But the journal entry's finding that Wilkinson's original sentence resulted from a dispositional departure is factually erroneous. No motion for dispositional departure was filed or argued. Wilkinson correctly argues that she did not receive a dispositional departure but a border box sentence. And the two are

6

not the same. See K.S.A. 2020 Supp. 21-6804(q) (border box sentence "shall not be considered a departure"). True, Wilkinson's sentence fell in a border box, and her presumptive sentence was prison. But the reason that she was on probation was not because of a dispositional departure granted under K.S.A. 2020 Supp. 21-6815, but because K.S.A. 2020 Supp. 21-6824 compelled a different result. So the district court cannot rely on the dispositional departure exception in K.S.A. 2020 Supp. 22-3716(c)(7)(B) to revoke Wilkinson's probation without first imposing an intermediate sanction. See *State v. Brown*, No. 124,672, 2023 WL 2196443 (Kan. App. 2023) (unpublished opinion). The district court failed to give any valid statutory grounds for bypassing the intermediate sanctions required by K.S.A. 2020 Supp. 22-3716(c).

*The State does not show that* Roubideaux-Davis *compels a different result.*

The State argues that the district court did not make a specific finding at the probation violation hearing and did not rely on the dispositional departure exception. It contends that the district court applied K.S.A. 2020 Supp. 22-3716(c)(7)(C), the new crime exception, to bypass intermediate sanctions, citing *State v. Roubideaux-Davis*, No. 125,764, 2023 WL 5662765 (Kan. App. 2023) (unpublished opinion). There, the panel found that "[b]ecause a preponderance of the evidence . . . shows that Roubideaux-Davis had committed the crime of possession of methamphetamine, the district court had the legal authority to bypass graduated sanctions by finding, expressly or implicitly, that he had committed that new crime." 2023 WL 5662765, at *9. Still, *Roubideaux-Davis* found that the district court had not exercised its authority to bypass sanctions by finding a new crime, or any other exception. And "harmless error cannot save the probation revocation. The district court judge must apply the proper legal standard." *State v. Wilson*, 314 Kan. 517, 525, 501 P.3d 885 (2022).

The same is true here. Although the district court was concerned with Wilkinson's drug use, it did not implicitly or expressly invoke K.S.A. 2020 Supp. 22-3716(c)(7)(C),

7

the new crime exception. Nor did the State ask it to at the probation revocation hearing, where it cited neither that exception nor any other. We are a reviewing court, not a fact-finding court, and we cannot find the district court's failure to apply an applicable exception to the intermediate sanctions rule harmless.

*Conclusion*

Because the district court relied on factual and legal errors in revoking Wilkinson's probation, we reverse its decision as an abuse of discretion. We remand to the district court with instructions to impose an appropriate intermediate sanction, unless the district court finds other valid statutory grounds to bypass the intermediate sanctions.

Reversed and remanded with directions.