NOT DESIGNATED FOR PUBLICATION

No. 126,104

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSICKA ANN WEST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Nemaha District Court; JOHN L. WEINGART, judge. Submitted without oral argument. Opinion filed August 23, 2024. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Brad M. Lippert*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Jessicka Ann West challenges the district court's finding that no exceptions applied to her untimely appeal under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). After careful review, we find that West failed to establish the applicability of an exception to the statutory time limitations to file an appeal; therefore, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged West with two drug-related offenses—possession of a hallucinogenic drug with intent to sell and possession of drug paraphernalia. West pled

1

no contest to an amended charge of possession of a hallucinogenic drug with intent to distribute at a lesser severity level than the State initially charged. In exchange for West's plea, the State dismissed the charge for possession of drug paraphernalia.

The district court sentenced West to 104 months' imprisonment and 36 months' postrelease supervision but suspended her sentence and placed her on probation for 36 months. West later stipulated she violated the terms of her probation. On November 3, 2022, the district court revoked West's probation and sentenced her to a modified sentence of 42 months' imprisonment. Over three months later, on February 21, 2023, West filed a pro se letter "to be considered as [her] notice to appeal."

This court issued an order to show cause demanding an explanation on why the appeal should not be dismissed for lack of jurisdiction given the filing of the untimely notice of appeal. While the State agreed the case should be dismissed for lack of jurisdiction, West argued that the appeal should either be retained on present showing or remanded to the district court for further proceedings under *Ortiz*. The case was remanded to the district court for a determination of whether caselaw exceptions to the requirement of a timely notice of appeal applied.

The district court held an evidentiary hearing under *Ortiz*. West's probation revocation counsel testified that he discussed the right to appeal with West immediately after the probation revocation hearing. Counsel then prepared a written explanation of rights to appeal, discussed the document with West—including what an appeal was—and West signed and initialed the document stating she did not wish to appeal her probation revocation. West specifically initialed a section of the form stating she voluntarily waived her right to appeal.

Counsel testified, based on his representation of West and their conversations after the revocation hearing, that West understood her right to appeal and chose not to file a

notice of appeal. Counsel explained he would have filed a notice of appeal if West had directed him to do so. Counsel also explained he told West an appeal would likely be unsuccessful because she had a presumptive prison sentence of 104 months and was granted a dispositional departure to probation. Then, when West's probation was revoked, the district court granted her a modified sentence of 42 months' imprisonment.

West later decided, while still in the 14-day appeal window, she wanted to appeal her 36-month postrelease supervision rather than the actual probation violation. In response, counsel drafted a notice of appeal and went to the jail to visit West and discuss the matter. After discussing the likelihood of success, West agreed that the appeal would likely not succeed. Counsel, therefore, did not file the notice of appeal.

The district court ruled that the *Ortiz* exceptions did not apply as "[West] was told about her right to appeal, that the Court furnished [West] an attorney to pursue the appeal, and that [West] directed her attorney, in writing, not to file a direct appeal." West timely appeals the district court's finding the *Ortiz* exceptions do not apply to her untimely notice of appeal of her probation revocation.

ANALYSIS

West argues that the district court erred in finding no *Ortiz* exceptions applied to her untimely notice of appeal related to her probation revocation. Specifically, West contends that she was furnished an attorney who failed to perfect and complete her appeal. West asks us to reverse the district court's finding and retain her appeal.

We review the district court's factual findings from an *Ortiz* hearing for substantial competent evidence and apply a de novo standard of review to "the ultimate legal determination of whether those facts fit within an *Ortiz* exception." *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008). "Substantial competent evidence is defined as such

legal and relevant evidence as a reasonable person might regard as sufficient to support a conclusion. [Citation omitted.]" *State v. Bates*, 316 Kan. 174, 183, 513 P.3d 483 (2022).

The filing of a timely notice of appeal is jurisdictional and, generally, failure to file a timely notice of appeal requires dismissal of the appeal. *State v. Patton*, 287 Kan. 200, 206, 195 P.3d 753 (2008). A criminal defendant has 14 days to file a notice of appeal from the date of sentencing. K.S.A. 22-3608(c); see *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). Our Supreme Court has recognized three exceptions to the general rule. A defendant can file a notice of appeal out of time when he or she (1) was not informed of the right to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney who failed to perfect and complete an appeal. *Ortiz*, 230 Kan. at 735-36. West's appeal is based solely on the third exception.

Evaluation of the third *Ortiz* exception to the general bar on out-of-time appeals requires consideration of whether the criminal defendant received effective assistance of counsel. *State v. Shelly*, 303 Kan. 1027, 1047, 371 P.3d 820 (2016). Our Supreme Court adopted the United States Supreme Court's standard of counsel's performance in such situations in *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000):

> "[I]f appointed or retained counsel has failed to file or perfect a direct appeal by a criminal defendant, we will presume the existence of prejudice. This is not, however, the same as a finding of prejudice per se, requiring application of the third *Ortiz* exception. The defendant must still demonstrate that, but for counsel's failure, he or she would have taken a timely direct appeal. The defendant need not show, as he or she would have had to show if we were using the *Strickland* [*v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] standard as our benchmark, that such a timely direct appeal would have been successful. [Citation omitted.]" *Patton*, 287 Kan. at 225.

It is sufficient if counsel's objectively unreasonable performance prevented the defendant from timely appealing. *Shelly*, 303 Kan at 1051.

West acknowledges signing a waiver stating that she did not wish to file a direct appeal but claims that she changed her mind before the expiration of the 14-day appeal period. This seems undisputed as West's counsel then drafted a notice of appeal and met with West to discuss what steps she wanted to take. West agreed with counsel that the appeal would fail but argues that the appeal still should have been filed.

Substantial competent evidence supports the district court's *Ortiz* findings that West's counsel's performance was objectively reasonable. The district court heard testimony from West's counsel that West initially did not want to appeal and later rediscussed the issue with her counsel while still within the 14-day window. West's counsel took the inquiry seriously enough to draft a notice of appeal to review with West before rediscussing her options. Nevertheless, after their meeting, West's counsel felt it was unnecessary to file the completed notice of appeal based on their conversation.

Counsel testified that he would have filed the notice of appeal if West wanted him to do so, but West seemed to agree that the appeal would not succeed. The testimony notably stops short of any specific discussion as to whether West still wanted to file the appeal once she was advised it would be unsuccessful. But the testimony suggests West's counsel reasonably determined that West did not want to appeal based on their conversation. West eventually filed a pro se notice of appeal.

The district court's findings that no *Ortiz* exceptions apply—particularly the third exception—is supported by substantial competent evidence, and the district court's ultimate legal determination was not erroneous.

Affirmed.