IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,753

STATE OF KANSAS,
*Appellee*,

v.

ANDREW TODD ROTH,
*Appellant*.

SYLLABUS BY THE COURT

If a district judge pronouncing sentence after probation revocation chooses to sentence anew, he or she may order any sentence lesser than the original sentence, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. Once a new sentence is pronounced from the bench, any original illegality no longer exists. Even if a component of the new sentence mimics the original illegal sentence, it is not subject to challenge or correction under K.S.A. 22-3504.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 8, 2016. Appeal from Finney District Court; ROBERT J. FREDERICK, judge. Opinion filed August 31, 2018. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is vacated and the case remanded with directions.

*Samuel D. Schirer*, of Kansas Appellate Defender Office, argued the cause, and *Adam D. Stolte,* of the same office*,* was on the brief for appellant.

*Tamara S. Hicks*, assistant county attorney, argued the cause, and *Susan Lynn Hillier Richmeier,* county attorney, and *Derek Schmidt,* attorney general, were with her on the brief for appellee.

1

PER CURIAM: This appeal and the appeal in a similar case decided today, *State v. Sandoval*, 308 Kan. __, __ P.3d __ (No. 113,299, this day decided), address the legal limits of a district judge's sentencing power after probation revocation.

We hold that a judge pronouncing sentence after probation revocation may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. If a new sentence is pronounced from the bench, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant Andrew Todd Roth was convicted of aggravated sexual battery under K.S.A. 21-3518(a)(1) and two counts of aggravated burglary under K.S.A. 21-3716. Roth was sentenced on the three counts to a total of 102 months of imprisonment and 24 months of postrelease supervision. He was placed on probation for 60 months.

Roth's probation was revoked in 2010. A district judge other than the sentencing judge modified Roth's prison term to run the sentences for the three counts concurrent instead of consecutive. Regarding postrelease, the judge said that he would impose "the mandated 24-month postrelease supervision period."

In 2014, the State filed a motion to correct an illegal sentence, seeking lifetime postrelease supervision rather than 24 months. See K.S.A. 2010 Supp. 22-3717(d)(1)(G) (persons sentenced for sexually violent crime "released to a mandatory period of postrelease supervision for the duration of the person's natural life"); K.S.A. 2010 Supp. 22-3717(d)(2)(I) (identifying aggravated sexual battery as sexually violent crime).

2

The State's motion was heard by Roth's original sentencing judge. Defense counsel argued that the postrelease supervision component of Roth's postrevocation sentence was a legal "lesser sentence" under the statute governing dispositions available after probation is revoked. The judge opined that neither side had asked the revocation hearing judge to address the length of the postrelease term and that nothing suggested that the judge had been otherwise aware of the original postrelease term's failure to comply with the statutory minimum of life. The sentencing judge ruled that Roth's 24-month postrelease term was illegal and ordered him to serve lifetime postrelease supervision.

A panel of our Court of Appeals affirmed the district judge's decision. *State v. Roth*, No. 113,753, 2016 WL 3659800 (Kan. App. 2016) (unpublished opinion). This court granted Roth's petition for review.

DISCUSSION

In today's decision in *Sandoval*, slip op. at 8, this court holds that, under the "any lesser sentence" language in what is now K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii), a district judge pronouncing sentence after probation revocation may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. If a new sentence is pronounced from the bench, the original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504(1). If the judge instead requires the defendant to serve the original sentence, the opposite is true. Any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504(1).

In *Sandoval*, the judge who revoked the defendant's probation explicitly declined to modify the original sentence and required the defendant to serve it. This left an illegal

3

postrelease term in place and in effect, and it was ripe for later correction. See *State v. Sandoval*, slip op. at 7.

Here, on the other hand, the judge who revoked Roth's probation chose to give Roth a "lesser" sentence, as expressly permitted by K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii). Although the postrelease term pronounced after revocation mimicked the original term, Roth's imprisonment terms were made concurrent rather than consecutive. He was thus sentenced anew after revocation; whatever may have been illegal about the postrelease term when originally pronounced no longer existed and was not subject to correction on the State's later motion under K.S.A. 22-3504(1).

CONCLUSION

The decision of the Court of Appeals is reversed. The lifetime postrelease supervision component of defendant Andrew Todd Roth's sentence is vacated, and the case is remanded to the district court for filing of a journal entry modifying his sentence to substitute a term of 24 months of postrelease supervision for the lifetime term.

* * *

JOHNSON, J., concurring: I concur for the reasons set out in my dissent in *State v. Sandoval*, 308 Kan. __, __ P.3d __ (No. 113,299, this day decided) (Johnson, J., dissenting), slip op. at 10. A district judge who pronounces sentence after a probation revocation inevitably sentences anew. Even if the original sentence was illegal, it no longer exists and cannot be corrected by a State motion filed under K.S.A. 22-3504(1).

ROSEN, J., joins in the foregoing concurring opinion.

4

* * *

BEIER, J., dissenting: I respectfully dissent for the reasons set out in my concurrence in *State v. Sandoval*, 308 Kan. __, __ P.3d __ (No. 113,299, this day decided) (Beier, J., concurring), slip op. at 8-10. The "[e]xcept as otherwise provided" introductory language in K.S.A. 2017 Supp. 22-2716(b)(3)(B) means something, and it requires lifetime postrelease supervision in this case.

NUSS, C.J., and BILES, J., join the foregoing dissenting opinion.