Per Curiam:
*367 This appeal and the appeal in a similar case decided today, State v.Roth , 308 Kan. ----, 424 P.3d 529, 2018 WL 4167879 (No. 113,753, this day decided 2018), address the legal limits of a district judge's sentencing power after probation revocation.
We hold that, after revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. In the alternative, a judge may simply require the defendant to serve the original sentence. If a new sentence is pronounced from the bench after probation revocation, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504. If the judge instead requires the defendant to serve the original sentence, any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504.
We therefore affirm the judgment of the district court and the decision of the Court of Appeals panel.
FACTUAL AND PROCEDURAL BACKGROUND
Defendant Ernest E. Sandoval pleaded guilty to a 2007 aggravated indecent solicitation. In 2011, he received a 34-month prison sentence with 24 months' postrelease supervision and was placed on probation.
At the time Sandoval committed his crime, aggravated indecent solicitation carried a mandatory lifetime postrelease supervision period. See K.S.A. 22-3717(d)(1)(G) (persons sentenced for sexually violent crime to be "released to a mandatory period of postrelease supervision for the duration of the person's natural life"); K.S.A. 22-3717(d)(2)(G) (identifying aggravated indecent solicitation of child as sexually violent crime). Thus the 24-month postrelease supervision component of Sandoval's original sentence was illegal. Neither side in this case disputes this point.
In September 2012, the district judge revoked Sandoval's probation and explicitly declined a defense request to modify the original sentence. The judge said, "I'm not going to modify sentence for someone who won't follow the basic terms and conditions of a probation that I give." The judge ordered Sandoval to serve the original underlying prison term of 34 months and did not change the 24-month postrelease supervision term.
The State later recognized the illegality of the postrelease component of the original sentence, and it moved to correct, seeking substitution of a lifetime postrelease term. The district court granted the State's motion, and Sandoval appealed.
A panel of our Court of Appeals affirmed the district court judgment, rejecting Sandoval's argument that his sentence was a legal "lesser sentence" under K.S.A. 22-3716(b) (on probation revocation judge "may require the defendant to serve the sentence imposed, or any lesser sentence"). State v. Sandoval , No. 113,299, 2016 WL 687737 (Kan. App. 2016)
*368 (unpublished opinion). Sandoval had also claimed that a remand to the district court for a new disposition hearing was required because his ultimate postrelease supervision period was not lesser but greater. The panel held that Sandoval had waived and abandoned this claim but nonetheless reached its merits, ruling that the lifetime postrelease supervision did not violate K.S.A. 22-3716.
We granted Sandoval's petition for review on both issues.
DISCUSSION
Interpretation of sentencing statutes and evaluation of whether sentences are illegal raise questions of law, demanding unlimited review by an appellate court. State v.Nguyen , 304 Kan. 420, 422, 372 P.3d 1142 (2016) ; State v. Gilbert , 299 Kan. 797, 801, 326 P.3d 1060 (2014).
" 'The fundamental rule of statutory interpretation is that the intent of the legislature is dispositive if it is possible to ascertain that intent. State v. Looney , 299 Kan. 903, 906, 327 P.3d 425 (2014).' Merryfield v. Sullivan , 301 Kan. 397, 399, 343 P.3d 515 (2015) (considering provisions of Kansas Sexually Violent Predator Treatment Program). Our 'primary consideration in ascertaining the intent of the legislature' is the language of a statute; we think 'the best and only safe rule for determining the intent of the creators of a written law is to abide by the language that they have chosen to use.' 301 Kan. at 399 [343 P.3d 515]. This court does not move from interpretation of plain statutory language to the endeavor of statutory construction, including its reliance on extra-textual legislative history and canons of construction and other background considerations, unless the plain language of the legislature or Congress is ambiguous. See City of Dodge City v. Webb , 305 Kan. 351, 356, 381 P.3d 464 (2016) (state statute under consideration)." State v. Garcia , 306 Kan. 1113, 1123-24, 401 P.3d 588 (2017).
K.S.A. 22-3504(1) allows a court to correct an illegal sentence at any time. An illegal sentence is one that: (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) is ambiguous with respect to the time and manner it is to be served. Gilbert , 299 Kan. at 801, 326 P.3d 1060 ; see K.S.A. 2017 Supp. 22-3504(3).
Our previous decision in State v. Ballard , 289 Kan. 1000, 218 P.3d 432 (2009), establishes that, had the State noticed the problem with the term of Sandoval's postrelease supervision before his probation was revoked, K.S.A. 22-3504 would have supported its later correction to lifetime. 289 Kan. at 1010-12, 218 P.3d 432 (sentence for sexually violent crime that included 36 months of postrelease supervision illegal under governing statute, amenable to correction to lifetime postrelease supervision).
But the intervening event of Sandoval's probation revocation is distinguishing because it brings the language in what used to be denominated K.S.A. 22-3716(b) and is now denominated K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) into play. The relevant language of the statute provides: "Except as otherwise provided, if the ... [probation] violation is established, the court may ... revoke the probation, ... and [may] require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii). Sandoval asserts that this provision empowered the district judge to give him a postrelease supervision term "lesser" than the lifetime term required at his original sentencing, which he did. This would mean that there was no illegality to correct via the State's later K.S.A. 22-3504 motion, and the district judge erred in modifying the probation revocation disposition sentence to substitute lifetime postrelease for the 24-month term.
The Legislature has not defined the phrase "any lesser sentence." It has, however, provided some general guidance for interpreting the criminal procedure code in K.S.A. 22-2201(3) : "Words and phrases used in this code and not expressly defined shall be construed according to the rules governing the construction of statutes of this state."
*369 This is consistent with the court's rules for statutory interpretation. Absent a statutory definition, the court gives words their "ordinary, contemporary, common meaning." Walters v. Metro. Educ. Enterprises, Inc. , 519 U.S. 202, 207, 117 S. Ct. 660, 136 L.Ed. 2d 644 (1997) ; see also In re A.M.M.-H ., 300 Kan. 532, 535, 331 P.3d 775 (2014) (appellate court must first attempt to determine legislative intent by " 'giving common words their ordinary meanings' ").
"Dictionary definitions are good sources for the 'ordinary, contemporary, common' meanings of words." Midwest Crane & Rigging, LLC v. Kansas Corp. Comm'n , 306 Kan. 845, 851, 397 P.3d 1205 (2017). Merriam-Webster defines "any" as: (1) "one or some indiscriminately of whatever kind"; (2) "one, some, or all indiscriminately of whatever quantity"; and (3) "unmeasured or unlimited in amount, number, or extent." (Online ed. 2017). The ordinary and plain meaning of the term "any" thus connotes something without limits. Merriam-Webster defines "lesser" as "of less size, quality, degree, or significance." (Online ed. 2017).
Under only these definitions, the plain language of what is now K.S.A. 2017 Supp. 22-3716(b)(3)(B)(iii) appears to permit exactly what Sandoval argues occurred here. The problem is that Sandoval's argument is inconsistent with the facts.
The district judge expressed an exactly contrary intention. He deliberately rejected a forgiving modification of Sandoval's original sentence, including its 24-month postrelease supervision component. He chose instead not to sentence anew and required Sandoval to serve his original sentence, including the postrelease term illegal under the mandatory lifetime provision drawn from the combined effect of K.S.A. 22-3717(d)(1)(G) and K.S.A. 22-3717(d)(2)(G). This left the illegal component in existence and subject to challenge by the State at any time under K.S.A. 22-3504(1).
These facts are distinct from those before us in State v. McKnight , 292 Kan. 776, 257 P.3d 339 (2011).
In that case, the original sentence for defendant William E. McKnight, Jr., was 30 months in prison and 24 months of postrelease supervision, the latter required at the time under K.S.A. 22-3717(d)(1)(B). He was placed on probation for 18 months. When McKnight's probation was later revoked, the district judge decided to modify the imprisonment component of McKnight's sentence. In addition, now believing that McKnight was ineligible for postrelease supervision under a limited statutory exception, the judge modified the postrelease term by eliminating it altogether. The judge was in error on the application of the exception, and, two months later, the State filed a motion to correct the new sentence pronounced after revocation, which, it argued, was illegal for lack of a postrelease term. Persuaded by the State, the district judge modified the postprobation sentence to reimpose the mandatory 24 months of postrelease supervision. A panel of our Court of Appeals affirmed. State v. McKnight, 42 Kan. App. 2d 945, Syl. ¶ 4, 219 P.3d 825 (2009).
On McKnight's petition for review, we disagreed with the Court of Appeals, holding that the district judge's modification of the postrelease term after probation revocation was a legal "lesser sentence" under K.S.A. 22-3716(b). The district judge's mistaken belief that a postrelease term was forbidden was "not relevant" to whether the judge had complied with the provision governing sentencing after probation revocation. 292 Kan. at 783, 257 P.3d 339. In essence, the plain language of the more specific K.S.A. 22-3716(b) trumped the general statute on mandatory postrelease:
"The phrase 'any lesser sentence' is not defined, and the 'lesser sentence' is not limited to that which might have been imposed at sentencing. A plain language reading of K.S.A. 22-3716(b) gives the trial court the authority to impose any sentence less than that originally imposed. Such a 'lesser sentence' might be a shorter prison sentence, a shorter term of postrelease supervision, or any combination thereof." McKnight , 292 Kan. at 782, 257 P.3d 339.
The district court therefore lacked jurisdiction for the later "correction" prompted by the State's motion. See McKnight , 292 Kan. at 783, 257 P.3d 339.
*370 In this case, unlike in McKnight , it is clear that the judge who presided over Sandoval's probation revocation had no intention to treat Sandoval's violation of his probation conditions lightly. He specifically rejected modification and did not sentence Sandoval anew. He required instead that Sandoval serve his original sentence, leaving the postrelease supervision period intact and in force. That period did not conform to the mandatory minimum of life and was open to later correction on the State's motion.
Because we do not grant Sandoval relief on his first challenge advanced in his petition for review, we must briefly address his second. Assuming the propriety of reaching its merits for the sake of argument, we hold that it has none.
Sandoval is correct that he ultimately is subject to a term of postrelease supervision longer than that pronounced as part of his original sentence. But the imposition of that term is a function of the State's allowable correction of an illegal original sentence that survived Sandoval's probation revocation, not of a new sentence pronounced as a result of that revocation. The correction did not conflict with the "lesser sentence" language we have examined.
CONCLUSION
The decision of the Court of Appeals is affirmed. The judgment of the district court is affirmed.