NOT DESIGNATED FOR PUBLICATION

No. 119,080

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VINCENT LOMAX,
*Appellant.*


MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed May 10, 2019. Affirmed.

*Jason P. Wiske*, of Law Office of Jason P. Wiske, L.L.C., of Pittsburg, for appellant.

*Michael Gayoso Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.


PER CURIAM: Vincent Lomax was on probation under the supervision of Crawford County Court Services for three cases, a felony and two misdemeanors. Court services filed affidavits in all three cases asking for revocation of Lomax's probation. The district court found Lomax had violated the conditions of his probation, extended the term of probation by 12 months, and ordered Lomax to serve 60 days in jail. The court stayed service of the jail sanction. Lomax appeals, claiming the district court should have terminated probation in the cases and sent any unpaid costs and restitution to the collections process. We find no abuse of discretion by the district court and we affirm.

1

FACTS AND PROCEDURAL BACKGROUND

Lomax appeared before the district court on February 15, 2018, for a hearing on the State's motion to revoke his probation in three cases. One of the underlying cases resulted in a conviction for forgery, a felony, and the others were misdemeanor cases, one for criminal trespassing and criminal damage to property, and the other for giving a worthless check. The State alleged Lomax had two new convictions, had failed to appear for probation appointments, and owed restitution in the forgery and check cases and costs in all three.

At some point prior to the probation violation hearing, Lomax filed a petition for habeas corpus relief pursuant to K.S.A. 60-1501, alleging the court should release him from probation. That action was mentioned during the probation hearing but had not yet been filed or served on the State and it is not part of this appeal.

Beth Emmert, Lomax's probation officer, testified at the probation violation hearing. According to Emmert, Lomax violated his probation because he was convicted in two separate cases, one in municipal court for driving while revoked, and the other in district court earlier on the day of the probation hearing. Emmert also testified Lomax had consistently failed to report for probation meetings at the specified times, often missing an appointment and showing up days later, expecting to be seen. Finally, Emmert testified Lomax continued to owe $925 in restitution for the forgery case and approximately $300 in restitution on the check case. On cross-examination, Emmert acknowledged Lomax had housing problems while on probation and observed he was evicted for unpaid rent. She said Lomax had chosen in the past to make vehicle payments rather than rent payments and, since there was public transportation available, she had encouraged him to focus on housing rather than a vehicle.

In his testimony, Lomax admitted he had missed about six appointments with Emmert. Lomax also told the district court:

"I also feel personally that the probation based on what I've seen and what I looked at probation should have been terminated in 2017. It has been terminated according to what I've read, according to everything that I've looked at, and I have confidence that's the case. . . . I'm not aware of a statute that allows a probation to be continued for simply for payment of restitution."

On cross-examination, Lomax admitted he was convicted of two new crimes while on probation and he did not dispute that the court ordered him to pay restitution in two of his cases, but he denied he still owed restitution. On redirect examination, Lomax testified that rather than cash payments toward restitution he had issued documents, "certified promissory notes," "derived from the Uniform Commercial Code," that "enable[d] [him] to discharge, as a means of payment, these obligations."

Lomax's counsel argued the court should terminate probation and send any unpaid amounts to collections. Based on Lomax's probation violations for committing new crimes, failing to report, and failing to pay restitution the State asked for a 60-day jail sanction but did not object to Lomax remaining on probation, with a 12-month extension to the probation period.

The district court found Lomax violated his probation and "revoked" his probation in each of the three cases. The court then "returned" Lomax to probation and extended his term for 12 months. Additionally, the district court ordered a 60-day jail sanction but stayed execution of that sanction pending a hearing on Lomax's K.S.A. 60-1501 petition.

Lomax timely appeals.

3

ANALYSIS

The sole issue Lomax presents is the contention that the district court committed error by continuing him on probation, with a jail sanction and extension, "even though there was no evidence that [he] willingly failed to pay restitution and costs."

Within the statutory framework in K.S.A. 2018 Supp. 22-3716, the district court is vested with significant discretion to determine the action to be taken on a probation violation:

> "To sustain an order revoking probation on the ground that a probationer has committed a violation of the conditions of probation, commission of the violation must be established by a preponderance of the evidence. Once there has been evidence of a violation of the conditions on which probation was granted, the decision to revoke probation rests in the sound discretion of the district court. Judicial discretion is abused when no reasonable person would have taken the position taken by the trial court." *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

At the outset we should point out that the record clearly supports the district court's finding that the State proved by a preponderance of the evidence that Lomax had violated the terms of his probation in the ways alleged. Emmert testified that Lomax was convicted of driving while revoked and the State placed a certified copy of the journal entry of conviction into evidence. Emmert further confirmed that Lomax had been convicted of another crime in the same district court earlier on the same day as the probation violation hearing. Although Lomax disputed that he had been convicted of two new crimes while on probation, he explained his position was based on an argument that his probation ought to have been terminated before those crimes were committed. The record also supports findings that Lomax had not reported for probation meetings as he was required to do and that he had failed to pay restitution owed in the felony forgery and misdemeanor worthless check cases.

4

The district court heard evidence of three categories of violations—new crimes, failures to report, and failure to meet financial obligations. Even if we were to accept Lomax's contention that the district court should not have continued him on probation because " there was no evidence that [he] willingly failed to pay restitution and costs," the court had ample basis to find violations in the other two categories. We do observe, however, that Lomax's assertion he had "discharged those obligations" for restitution by giving "certified promissory notes" does little to contradict an argument that he had willingly failed to pay.

Lomax's claim before us, therefore, is reduced to his argument that instead of imposing a jail sanction and extending his probation, the district court should have terminated his probation and sent any unpaid financial obligations to the collections process. K.S.A. 2018 Supp. 22-3716 describes a district court's options for responding to established violations of probation conditions. Misdemeanors and a limited number of felonies specified in K.S.A. 2018 Supp. 21-6804(i) are controlled by K.S.A. 2018 Supp. 22-3716(b)(3)(B) and other felonies fall under the range of options set in K.S.A. 2018 Supp. 22-3716(c)(1). *State v. Sandoval*, 308 Kan. 960, 963, 425 P.3d 365 (2018).

In this case, the district court first ordered that, based on the violations, Lomax's probation was "revoked," and then after hearing the parties' comments concerning disposition, the judge stated, "I am going to return you to probation." Under the terms of K.S.A. 2018 Supp. 22-3716, "revocation" is reserved for a district court's decision to end supervision of a nonprison sanction and order remand of a defendant to custody for service of the original jail or prison sentence. K.S.A. 2018 Supp. 22-3716(b)(3)(B)(iii) and (c)(1)(E). In lieu of revocation, that statute authorizes a district court to continue or modify a defendant's probation. K.S.A. 2018 Supp. 22-3716(b)(3)(B)(i) and (c)(1)(A).

Although the district court did not employ the statutory language, the court obviously chose the "continue or modify" option from the statute. Considering Lomax's

other arguments, we are confident he would not ask for the district court to be held to its declaration that his probation was "revoked," requiring him to serve his underlying sentences.

Lomax argued that the district court should have chosen to terminate his probation. The district court instead elected to exercise its discretion by continuing Lomax on probation, imposing a jail sanction, and modifying the conditions of probation by extending the term, each action authorized by the statute. We cannot characterize the district court's choice as one that "no reasonable person would have taken." Accordingly, we find no abuse of discretion.

Affirmed.