NOT DESIGNATED FOR PUBLICATION

No. 123,808

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANNON THOMAS LEHR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed May 6, 2022. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Shannon Lehr pled guilty to unlawful possession of methamphetamine. The district court eventually revoked Lehr's probation without exhausting intermediate sanctions. On appeal, Lehr contends the district court made an error of law by not meeting the particularity requirements for bypassing intermediate sanctions based on public safety or offender welfare. Lehr does not challenge the district court's finding that Lehr absconded as the basis for revocation. Because the district court did not abuse its discretion when it revoked Lehr's probation, his failure to challenge the district court's alternative finding is fatal to his claim on appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

In keeping with a plea agreement, Lehr pled guilty to unlawful possession of methamphetamine, in violation of K.S.A. 2018 Supp. 21-5706(a), (c)(1). At sentencing on June 3, 2020, the Dickinson County District Court found Lehr's criminal history score was G and sentenced him to 12 months of probation with an underlying 15-month prison term.

In September 2020, three months after sentencing, the State moved to revoke Lehr's probation. In support of the motion, Lehr's intensive supervision officer (ISO) stated in his affidavit that Lehr had committed two probation violations: Lehr was unsuccessfully discharged from inpatient treatment the prior month because he refused to participate "and would not leave his room" and he signed a form admitting methamphetamine use in July 2020.

The district court determined there was probable cause to believe the probation violations occurred, and it issued a warrant to arrest Lehr. Upon being arrested, Lehr waived an evidentiary hearing and stipulated to violating the terms of his probation by failing to successfully complete inpatient drug treatment and remaining drug free. The State and the ISO requested Lehr serve his underlying sentence. The district court disagreed and revoked and then reinstated Lehr's probation for 12 months under the same conditions. Lehr served seven days as a sanction for his probation violations.

In December 2000, six months after sentencing, State filed its second motion to revoke Lehr's probation. In support of the motion, the State included an affidavit by Lehr's ISO, which stated Lehr violated the conditions of his probation in multiple ways:

- Lehr failed to report for over 30 days.

- On November 23, 2020, the Marion County District Court revoked Lehr's probation in a separate case. Lehr was ordered to report to the Marion County Jail on November 30, 2020, to serve his underlying sentence. Lehr did not report on that day, and his whereabouts were unknown.
- Lehr was ordered to attend "Level 2 Intensive Outpatient Treatment" while waiting for a residential bed in an inpatient drug and alcohol treatment program. Lehr failed to attend the outpatient treatment program.

On March 3, 2021, Lehr waived an evidentiary hearing and stipulated to the probation violations. He also requested the district court impose a modified underlying sentence from 15 months to 6 months. Ultimately, the district court revoked Lehr's probation and ordered him to serve his underlying sentence of 15 months' imprisonment. To support its decision, the district court reasoned that Lehr had absconded in this case, in addition to his case in Marion County, for over three months. The district court went on to find Lehr was not amenable to probation because he failed to report and violated the terms of his probation twice in six months.

Lehr appeals.

ANALYSIS

*The district court did not abuse its discretion in revoking Lehr's probation.*

Lehr contends the district court abused its discretion in revoking his probation on two grounds. First, Lehr argues the district court made an error of law because it did not meet the particularity requirements when revoking probation for the offender's welfare. Second, Lehr argues the district court's refusal to modify his underlying sentence was unreasonable. In response, the State argues the district court supported its offender

3

welfare finding and alternatively argues Lehr's absconding permitted revocation regardless of any finding of offender welfare.

This court reviews a district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if its action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Lehr bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The district court must apply the intermediate sanctioning scheme of the probation violation statute that was in effect when the defendant committed the crime. *Coleman*, 311 Kan. at 337. Under the probation revocation statute applicable in this case, K.S.A. 2018 Supp. 22-3716, a district court must first exhaust the required intermediate sanctions before revoking a defendant's probation. The first sanction required to be imposed is a two-day or a three-day jail sanction. K.S.A. 2018 Supp. 22-3716(b)(4)(A)-(B), (c)(1)(B). The second sanction required to be imposed is either a 120-day or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(C)-(D). Lehr had served a two-day sanction prior to the revocation hearing.

K.S.A. 2018 Supp. 22-3716(c)(8)-(9) also sets forth certain circumstances in which a district court may revoke a defendant's probation without first imposing these intermediate sanctions, including: (1) if the defendant commits a new felony or misdemeanor while on probation; (2) if the defendant absconds from supervision while on probation; or (3) if "[t]he court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." Because Lehr had not served the second sanction, the district court had to find that one of these exceptions existed in order to revoke probation.

4

*Lehr does not challenge the district court's revocation based on absconding.*

The district court bypassed sanctions and revoked Lehr's probation based on two exceptions: absconding and offender welfare. See K.S.A. 2018 Supp. 22-3716(c)(8)(B) and (9)(A). Despite revoking on these alternative bases, Lehr solely challenges the district court's findings under the offender welfare exception.

Given Lehr did not challenge the district court's revocation of his probation based on absconding essentially makes the failure of his appeal inevitable. See *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d 1278 (2013) (declining to address challenge on appeal because appellant failed to challenge the validity of the district court's alternative bases to support its ruling). Lehr abandoned his challenge to the district court's ruling that revocation was proper because he absconded by failing to brief any argument related to that ruling. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issue not briefed or argued deemed waived or abandoned). Consequently, even if the panel were to reverse the district court's revocation of Lehr's probation based on insufficient findings, the district court's unchallenged finding that Lehr absconded is a conclusive basis for the district court's revocation of probation, See *Novotny*, 297 Kan. at 1180.

> *The district court did not abuse its discretion in revoking Lehr's probation because he admitted to absconding.*

While the need to address the issue of revocation based on absconding is moot, the court's decision was correct and not an abuse of discretion.

For a district court to invoke the "absconds from supervision" exception, the district court must make the specific finding that the defendant absconded from supervision while on probation. See *State v. Dooley*, 308 Kan. 641, 654, 423 P.3d 469

(2018). In *Dooley*, to show the defendant absconded from supervision, the court held "the State must show that the probation violator engaged in some sort of action (or inaction) with the conscious intent to hide from or otherwise evade the legal process." 308 Kan. at 657. The court included intentionally avoiding probation supervision, or intentionally avoiding detection by a probation officer, as examples of evading the legal process. 308 Kan. at 657.

Here, Lehr's ISO made a specific allegation that Lehr had failed to report and his whereabouts were unknown, though the ISO never used the word "absconded." However, Lehr admitted as much when he stipulated to the allegations contained in the ISO's affidavit, and seemed to concede to that fact at the revocation hearing when he said: "My time being absconded, I—I was not idle—I put my drug use behind me thus far." Moreover, the district court made specific findings that Lehr had absconded from supervision in both the instant case and his Marion County case. Similarly, the journal entry of Lehr's revocation hearing reflects that the district court "revoked per K.S.A. 22-3716(c)(7)" under the exception marked as "Absconded." Among other reasons, the district court listed "his absconding for almost 3 months" as a comment to invoking the exception. The district court's journal entry also described the absconding violation:

> "Defendant . . . absconded from both reporting to ISO in Dickinson County Case No. 19 CR 38 as well as failed to surrender to Marion County Sherriff's Office on 11-30-2020 for transport to DOC when his probation was revoked in Marion County Case No. 14 CR 214 on 11-23-2020."

Based on the foregoing, the district court did not abuse its discretion in revoking Lehr's probation because he absconded while serving probation. Given Lehr admitted to absconding in two cases, it was not unreasonable for the district court to revoke on this ground.

6

Because the district court did not abuse its discretion in revoking Lehr's probation based on his absconding, it is unnecessary to address Lehr's argument on appeal. Lehr's probation was properly revoked, regardless of whether the district court properly stated with particularity the reasons for finding the members of the public will be jeopardized or that his welfare would not be served by intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c)(9)(A).

*The district court did not abuse its discretion in refusing to modify Lehr's underlying sentence.*

In addition to arguing the district court abused its discretion in revoking his probation, Lehr also argues the district court abused its discretion when it refused to modify his underlying sentence upon revoking his probation and imposing the sentence. The State argues the district court properly denied the modification requested because he did not offer a valid reason for modification.

Upon revocation of probation, a district court may impose the original prison sentence or modify the original sentence and impose any lesser sentence. *State v. Weekes*, 308 Kan. 1245, 1247, 427 P.3d 861 (2018); see K.S.A. 2018 Supp. 22-3716(c)(1)(E). Thus, at a probation revocation hearing, a district court has jurisdiction to entertain a motion for sentence modification. 308 Kan. at 1248. "After revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a statutory minimum. In the alternative, a judge may simply require the defendant to serve the original sentence." *State v. Sandoval*, 308 Kan. 960, Syl., 425 P.3d 365 (2018).

Appellate courts review a district court's decision of whether to impose a lesser sentence under an abuse of discretion standard. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). As noted, a district court abuses its discretion if its action is (1)

arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Ingham*, 308 Kan. at 1469. Lehr bears the burden of showing such abuse of discretion. See *Thomas*, 307 Kan. at 739.

At the revocation hearing, Lehr's counsel requested a modification "pursuant to" *State v. McGill*, 271 Kan. 150, 22 P.3d 597 (2001). His counsel reasoned the modification request was appropriate because Lehr's criminal history score was low, a lesser sentence would give Lehr the opportunity to engage in drug treatment services sooner, and Lehr was expecting a child a few months later. The district court disagreed and refused to modify Lehrs sentence, finding:

> "The Court, after reviewing the file, Mr. Lehr, and I've—I have the affidavit side by side, and noting that you have absconded, not only from the Marion County case, but you've absconded from this case as well. You have not reported to the officer. You've had two violations of your probation in the past six months. The Court finds that you are not amenable to probation. The Court will, after finding you violated your terms and condition of probation, will order you to serve your underlying sentence in this case.
>
> "I'm not going to modify this matter pursuant to *McGill*. Marion [County] may wish to do so and run [the sentences] concurrent, but the Court will not modify your conditions. You'll be remanded to the care, custody, [and] control of the Dickinson County sheriff to await your transportation to the Department of Corrections.
>
> "I'll note that not only was there a consistent usage of methamphetamines, there was also no want or desire on part of the defendant to obtain the drug and alcohol evaluation, which was the subject matter of the—the first affidavit in August, I believe, when it was filed. And, again, in December, the affidavit that he has—that you failed to enter impatient treatment."

On appeal, Lehr argues the district court's decision to impose the original sentence was unreasonable because imposing the sentence "did not benefit either Mr. Lehr or the community." Lehr reasons that his issues with addiction contributed to his legal problems, and he has "owned up to his struggles with drugs."

8

Lehr's argument on appeal is not convincing. He argues the district court's refusal to modify was unreasonable, but he does not present a legal or factual ground that would justify finding the district court abused its discretion. He simply presents a policy argument suggesting the imprisonment of persons suffering from addiction is unreasonable, and "[f]or the [graduated sanctions] system to work as intended, district courts must make full use of their battery of intermediate sanctions."

While Lehr's policy argument presents food for thought, it does not show the district court's refusal to modify was unreasonable. He claims modification, or the imposition of an intermediate sanction, would have permitted him to seek the treatment he needs because he suffers from addiction. The district court did not find Lehr's argument persuasive or his claims regarding treatment to be credible, particularly in view of his performance on probation prior to revocation.

The district court's refusal to modify based on Lehr's argument is not unreasonable. The evidence in the record supports the district court's finding that Lehr had "no want or desire" to seek treatment for his issues with substance abuse. Lehr's crime of conviction in this case, as well as the Marion County case, was drug related. He was ordered to obtain a substance abuse evaluation and follow the recommended treatment, but he failed to do so on two occasions, and each failure led to violations of his probation conditions.

Lehr stipulated to all of the ISO's allegations concerning his drug use and failure to attend treatment. Lehr admitted he was unsuccessfully discharged from the recommended inpatient treatment program because he refused to attend group sessions and would not leave his room. Prior to attending treatment, Lehr admitted methamphetamine use to his ISO. After having his probation revoked and reinstated, Lehr was again ordered to obtain a drug evaluation and follow through on treatment recommendations but did not do so.

9

Lehr has not shown the district court's refusal to modify his underlying sentence upon revoking his probation was unreasonable. Even considering Lehr's policy argument, he has not shown he would seek treatment even if the district court would have imposed an intermediate sanction or a modified sentence. As a result, the district court did not abuse its discretion in revoking Lehr's probation and imposing his underlying sentence.

Affirmed.